SUSAN G. FILLICHIO, SBN 204750
COLLEEN A. CAROLAN SBN 210755
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Ave., 22nd Fl.
Los Angeles CA 90071
Telephone: 213.612.2500
Facsimile: 213.612.2501

TRACY PAROLA, SBN 202354
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001

Attorneys for Defendants,
Tauck Inc. d/b/a Tauck World Discovery, Tauck
Bridges LLC, Tauck Holdings, Inc., Arthur Tauck, Jr.,
Peter Tauck, and Robin Tauck

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE E. MARSH, DEBRA A. OTTO, and STEVEN E. KIEFFER,<br><br>Plaintiffs,<br><br>v.<br><br>TAUCK WORLD DISCOVERY, TAUCK TOURS, TAUCK TOURS, INC., TAUCK, INC., TAUCK WORLD TOURS, TAUCK BRIDGES LLC, TAUCK HOLDINGS, INC., ARTHUR TAUCK, JR., PETER TAUCK, and ROBIN TAUCK,<br><br>Defendants. | Case No. c03-1392 PJH<br><br>**DECLARATION OF PHILIP CROSBY IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>Date: September 3, 2003<br>Time: 9:00 a.m.<br>Judge: Hon. Phyllis J. Hamilton<br>Courtroom: Three<br><br>Trial Date: None Set |

I, Philip Crosby, declare under penalty of perjury as follows:

1. I am the Vice President of Finance for Tauck Inc. d/b/a Tauck World Discovery ("TWD"). I have held this position for approximately seven years. I have reviewed TWD's business records regarding the various matters set forth in this Declaration, including, but not limited to, records regarding the residency of tour directors, the location of tours conducted by

1

TWD's tour directors, and the records relating to the U.S. Department of Labor's investigation into the exempt status of TWD's tour directors, for the time periods relevant to this action. The following statements are made of my own personal knowledge and, if called upon as a witness in this action, I could and would testify competently thereto.

2. Neither Tauck Tours nor Tauck World Tours are existing entities. Tauck Tours, Inc. changed its name to Tauck, Inc. d/b/a Tauck World Discovery in 2000 and is thus no longer an existing entity. Tauck, Inc. d/b/a Tauck World Discovery constitutes a single entity (referred to as "TWD").

3. TWD has been in business for over 75 years and currently operates high quality one to three week vacations on seven continents of the world. TWD is incorporated in the State of New Jersey, with its principal place of business and only office in Norwalk, Connecticut. Tauck Bridges LLC was established under the laws of the State of Connecticut, and has its principal place of business in Norwalk, Connecticut. Tauck Holdings, Inc. was incorporated in the State of Connecticut and has its principal place of business in Norwalk, Connecticut.

4. None of TWD, Tauck Bridges LLC or Tauck Holdings, Inc. has any offices in California, is licensed to do business in California, holds any property or bank accounts in California or pays taxes to the State of California. These entities have never been domiciled in the State of California and have not targeted California for print, radio or television advertising.

5. Tauck Holdings, Inc. and Tauck Bridges LLC do not now, and have never employed the plaintiffs in this litigation or any tour directors. Tauck Holdings, Inc. and Tauck Bridges LLC have no employees whatsoever, and have never had any employees.

6. All non-tour director employees of TWD, including employees who act as the tour directors' points of contact with TWD while on tour and who supervise tour directors, work solely in Connecticut and live in New York and Connecticut, with the exception of Daniel Mahar who lives in New York and works remotely from New York from time to time.

7. Each of the named plaintiffs are employees of TWD and all have been employees of TWD for at least the last four years. TWD hired and supervised these individuals and established their tour assignments. Employee guidelines, policies and procedures have, at all

1  times relevant to this litigation, been issued by TWD from Connecticut. Plaintiffs were also
2  issued their W-2s and paid by TWD from Connecticut. TWD pays employment taxes only to the
3  State of Connecticut, and has never paid employment taxes to the State of California for any tour
4  director.

5      8.    At all times relevant to this action, TWD's payroll has been run through the
6  Milford, Connecticut office of a third party payroll administrator, Automatic Data Processing Inc.
7  ("ADP"). ADP calculates the amount of pay each tour director receives, taking into consideration
8  deductions and withholdings, prints all paychecks, and calculates all employment taxes. ADP
9  will be called as a witness by TWD to testify regarding TWD's pay practices, the calculation and
10 manner of pay of TWD's tour directors and to authenticate the payroll records it has generated.

11     9.    All of TWD' payroll records are located in Connecticut. In addition, all of TWD's
12 files and records regarding the retention, hiring, assignment and other records regarding
13 compensation of tour directors are located in Connecticut.

14     10.    TWD's tours are run in each destination by employees known as "tour directors."
15 TWD currently employs approximately 240 tour directors. The home addresses TWD has on file
16 for these tour directors indicate that they reside in approximately 46 states, including California,
17 and 8 countries. TWD's records show that in 2001, 2002 and 2003 approximately 80% of these
18 tour directors reside outside of the State of California with many residing in states such as
19 Connecticut, Massachusetts, New York, Florida, Virginia, Rhode Island, Maine, Vermont and
20 New Hampshire. These records also show that in 1999 and 2000, approximately 77% of all tour
21 directors resided outside of California. Only three tour directors who performed any work for
22 TWD in California during the period of 2000 through 2003, and who also had California home
23 addresses on file with TWD, worked more days in the State of California than outside of
24 California..

25     11.    TWD's records show that since 1999, Ms. Marsh has not conducted a single tour
26 for TWD in the State of California. Ms. Marsh has only worked on tours for TWD in France,
27 Utah, Wyoming, Massachusetts, Canada, Washington, South Dakota, Maine and Vermont.
28

12. Employee guidelines, policies and procedures, including those regarding employee pay, have, at all times relevant to this litigation, been issued and decided upon by TWD from its offices in Connecticut. Such policies were decided upon, in large part, in reliance upon an opinion letter from the U.S. Department of Labor ("DOL") in Boston, Massachusetts, that was issued after the DOL conducted an investigation into TWD's pay practices. Several individuals were involved with that investigation and/or the implementation of the results of that investigation, including Arthur Tauck Jr., who resides in Connecticut, and several non-party former employee of TWD, including Donald Selesko, Donald Dougall, Richard Sundby, and Arthur Tauck III. According to TWD's most current records, Donald Dougall resides in Maine, Richard Sundby resides in Minnesota, and Arthur Tauck III resides in New York. Donald Selesko is deceased. These individuals will likely be called by defendants to testify about the DOL investigation, correspondence with the DOL, and how TWD determined its policies and practices and the responsibilities of tour directors over the years.

13. At the conclusion of its investigation, the DOL opined that TWD's tour directors met the requirements for an administrative exempt employee provided that they are paid on a salary or fee basis at a rate of $250 per week, exclusive of board, lodging or other facilities, and their primary duty consists of the performance of non-manual work directly related to management policies or general business operations of the company where the performance of such primary duty consists of work requiring the exercise of discretion and independent judgment. The DOL found the following activities of TWD's tour directors, to meet the requirements of the administrative exemption for work requiring the exercise of discretion and independent judgment: recommending or contracting for a different hotel, meal location or tour attraction provider, adding tourist attractions to the tour, training new tour directors and handling unforeseen situations that necessitate substantial changes in the plans for the tour  These findings of the DOL were set forth in a letter dated June 12, 1984, which is attached hereto as Exhibit A.

14. A very small number of TWD's tours are run in California. For the year beginning January 1, 2000 and ending December 31, 2000, approximately 1.8% of the total days worked by TWD tour directors were spent in California; in the calendar years 2001 and 2002, the

approximate percentages were 1.4% and 1.7%, respectively. In each of 1999, 2000, 2001, and 2002, more than 93% of TWD's tour directors did not conduct a single tour for TWD in the State of California. Those tour directors who did work tours in California worked twice as many days for TWD outside of California in 1999, 2000, and 2002; and three times as many days outside of California in 2001.

15. It would be extremely burdensome for any of the corporate defendants to defend this litigation in a California court as they have no reason to be in this forum.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed this 30th day of July, 2003, at Norwalk, Connecticut.

*/s/ Philip Crosby*
Philip Crosby

5
DECLARATION OF PHILIP CROSBY IN SUPPORT OF MOTION TO TRANSFER VENUE
CASE NO. C03-1392 PJH