SUSAN G. FILLICHIO, SBN 204750
COLLEEN A. CAROLAN SBN 210755
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Ave., 22nd Fl.
Los Angeles CA 90071
Telephone: 213.612.2500
Facsimile: 213.612.2501

TRACY PAROLA, SBN 202354
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001

Attorneys for Defendants,
Tauck Inc. d/b/a Tauck World Discovery, Tauck
Bridges LLC, Tauck Holdings, Inc., Arthur Tauck, Jr.,
Peter Tauck, and Robin Tauck

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE E. MARSH, DEBRA A. OTTO, and STEVEN E. KIEFFER, <br><br>Plaintiffs, <br><br>v. <br><br>TAUCK WORLD DISCOVERY, TAUCK TOURS, TAUCK TOURS, INC., TAUCK, INC., TAUCK WORLD TOURS, TAUCK BRIDGES LLC, TAUCK HOLDINGS, INC., ARTHUR TAUCK, JR., PETER TAUCK, and ROBIN TAUCK, <br><br>Defendants. | Case No. c03-1392 PJH <br><br>**DECLARATION OF TRACY PAROLA IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE** <br><br>Date: September 3, 2003 <br>Time: 9:00 a.m. <br>Judge: Hon. Phyllis J. Hamilton <br>Courtroom: Three <br><br>Trial Date: None Set |

I, Tracy Parola, declare under penalty of perjury as follows:

1.  I am an attorney in the law firm of Morgan, Lewis & Bockius, counsel for defendants Tauck Inc. d/b/a Tauck World Discovery, Tauck Bridges LLC, Tauck Holdings, Inc., Arthur Tauck, Jr., Peter Tauck, and Robin Tauck in the above-captioned matter. I am licensed to practice law in all courts in the State of California. I submit this declaration in support of

1  defendants' motion to transfer venue. All of the following facts are within my personal
2  knowledge and if called as a witness I could and would testify competently with respect thereto.
3      2. We have obtained the court order in <u>Stokes v. Saga Intl'</u>, which is attached to this
4  Declaration as Exhibit A, from counsel and have confirmed that such an order was issued by
5  reviewing the e-filing web page for the United States District Court for the Northern District of
6  California. The order was issued by the Honorable Martin J. Jenkins, on defendants' motion to
7  transfer venue. According to the order, defendant Saga sold vacation packages which were led by
8  tour directors. Saga's principal place of business was located in Boston, Massachusetts. The
9  plaintiffs were tour directors who brought a class action lawsuit claiming that Saga violated
10 California and federal wage and hour laws as well as Cal. Bus. & Professions Code Section
11 17200. The court granted the defendants' motion to transfer the action to the District of
12 Massachusetts under 28 U.S.C. Section 1404(a) finding that the little weight accorded to a
13 plaintiff's choice of forum in a class action, the existence of a valid forum selection clause, the
14 convenience of third party witnesses and the relative ease of access to documents all favored
15 transfer.
16     3. I have obtained the court order attached to this Declaration as Exhibit B from the
17 official e-filing web page of the United States District Court for the Southern District of
18 California. The order was issued on defendants' motion to transfer venue in a matter called <u>Eyre</u>
19 <u>v. Grand Circle Travel</u>, which was heard by the Honorable John S. Rhoades, Sr. The defendants
20 in that case were providers of organized travel programs whose principal place of business was in
21 Boston, Massachusetts. The plaintiffs were tour escorts who alleged that defendants had
22 improperly classified them as independent contractors. The plaintiffs asserted claims under
23 California and federal wage and hour laws as well as Cal. Bus. & Prof. Code Section 17200 on
24 behalf of all "Program Directors" nationwide who escorted defendants' tours. The Court granted
25 the defendants motion to transfer venue under 28 U.S.C. Section 1404(a) on the grounds that the
26 center of gravity in the case lied in the District of Massachusetts.
27     4. I have obtained the Judicial Caseload Profile Report attached hereto as Exhibit C
28 from the United States Courts' official web page. This report demonstrates that, for the period

ending September 30, 2002, judges in the Northern District of California had an average of 568 pending cases each and judges in the District of Connecticut had an average of 353 pending cases each.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed this 30th day of July, 2003, at San Francisco, California.

_____
Tracy Parola